By the Court.—Sedgwick, Ch. J.
The former decision at General Term should be followed, and according to it the learned judge below correctly instructed the jury that the verdict should be for plaintiff, on the issue as to title and right to possession.
The real estate in question was a piece of land covered by a building over it, ended by a party wall. The defendants had taken possession up to the party wall. Legally they were entitled to possession no farther than to about five feet from the party wall. The disputed land was a part of an entire holding of plaintiff and could not, or would not in the usual course of things, be held, used or occupied separately. The plaintiff proposed to prove the rental value of the whole and asked what would be the value of the use and occupation of the premises in suit if you added it to the other building ?” meaning the plaintiff’s building. The only objections made to this were that the question was hypothetical, and referred to a state of facts that did not exist. The answer was, that it is worth $50 more, a month. There was a motion made to strike out the answer on the same objections that were made to the question.
It seems to me that if the question was what would be the rental value of the plaintiff’s building with and without the land in dispute the question would be competent. Woodhull v. Rosenthal, 61 N. Y. 383. The process would be to ascertain the value of the whole, and then to' assign to the disputed part its proportionate value according to its relation to the remainder. The difference between the amounts named under the ques *368 tion supposed, would be the fact to be used by the jury, prima facie. Strictly perhaps on the trial the witness should not have made the calculation directly stating the difference. This, however, did not affect the substance of the testimony and was not made the point of objection. There was no error in the ruling of the court.
It appears by the case that the plaintiff took title on February 11, 1884. The defendants’ counsel asked the court to charge the jury that the plaintiff is not entitled to claim any damages, except from the time he received his conveyance. The request was denied. The learned counsel have not produced any authorities upon the subject.
The general rule in action, for mesne profits, permits a recovery of annual value from the time of the accruing of plaintiff’s title. Sedgwick on Damages, 5 Ed. 133. The nature of the claim of the party kept out of possession is the same as that of the claim in an action of trespass for mesne profits or for use and occupation. The claim is personal to the plaintiff and must be subsequent to the time he took title. Before that, he was not wronged. The wrongful possessor did not before that time, take an occupation or profits that belonged to the plaintiff. The jury should have been charged as requested. Holmes v. Davis, 19 N. Y. 491.
For this reason the judgment should be reversed and a new trial ordered with costs to abide the event. If the respondent elects to remit the amount of damage recovered, the judgment may be so modified and affirmed without costs to either party.
' As there was no notice of appeal from the order denying the motion for a new trial, that order must stand, without any direction as to it on this appeal.
Truax and Dtjgro, JJ., concurred.